LUCIAN R. BAILEY, RESPONDENT, v. JOHN H. BERGEN,
EXECUTOR, ETC., APPELLANT.

*Costs against executor — referee cannot allow.*

A referee has no power to allow costs against an executor or administrator, to be levied on his property or on that of the deceased. Such costs can only be allowed by the *court*, on motion, after trial. (2 R. S., 90, § 41; *Howe* v. *Lloyd*, 2 Lans., 335.)

APPEAL from a judgment, in favor of the plaintiff, entered upon the report of a referee.

This case has already been before the General Term upon a former appeal, the decision being reported in 9 Supreme Court (2 Hun), 520.

*Moses Taggart*, for appellant. *Geo. Bowen*, for respondent.

Opinion by MERWIN, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment affirmed, except as to the costs, which were stricken out of the judgment without prejudice to an application by plaintiff for costs, in the manner allowed by law, without costs to either party on this appeal.

---

5 555
35ap418

JAMES CURTIS, PLAINTIFF, v. NOAH W. GOKEY,
DEFENDANT.

*Covenant in restraint of trade — Submission to arbitrators — award — when void.*

An agreement by one not to carry on a retail trade in boots and shoes while another person remains in said trade, being without limit as to locality, is void.

The parties to this action submitted to arbitration the question, whether or not the defendant had made a verbal agreement with the plaintiff not to engage in the retail trade in boots and shoes. The award was, that the defendant did verbally agree with the plaintiff not to enter into the retail trade in boots and shoes again, in Addison, during the time that the plaintiff was engaged in such trade. *Held*, that the award was not authorized by the submission, and was void. (1 Bac. Abr., 323 [ed. of 1854]; 2 Pars. on Con., 201; *Butler* v. *Mayor of N. Y.*, 7 Hill, 329.)

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff directed by the court.

*Geo. B. Bradley*, for plaintiff. *Geo. T. Spencer*, for defendant.

Opinion by MERWIN, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

New trial granted, costs to abide event.

---

## JOSEPH W. CLARK, RESPONDENT, v. THE FLINT AND PERE MARQUETTE RAILWAY COMPANY, APPELLANT.

*Trustees — right to purchase obligations of cestui que trust.*

There is no rule of law or equity that incapacitates a trustee from purchasing the obligations of his *cestui que trust* which have become legally vested in a third person. If they are valid obligations they may be sold and transferred to any one, and such transfer will pass a good title to them.

*Quære*, whether, in such case, the trustee will be permitted to enforce them for any greater sum than he paid for them.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*H. O. Chesebro*, for appellant. *E. W. Gardner*, for respondent.

Opinion by GILBERT, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment affirmed, with costs.

---

## HARRISON O. COWING, APPELLANT, v. ABRAHAM ALTMAN, RESPONDENT.

*Assignee in bankruptcy — cannot take extra compensation — section 45 of bankrupt act.*

One H., at the request of several of the creditors of a bankrupt, consented to act as assignee, on condition that they would pay to him the sum of $2,000 in addition to his legal fees. Subsequently the defendant bought up the claims against the bankrupt, agreeing with the creditors to pay the said sum to H., and in pursuance of this agreement he subsequently gave a check for that amount,